NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KASSIDY A. PERKINS,**
*Claimant-Appellee*

v.

**DOUGLAS A. COLLINS, Secretary of Veterans Affairs,**
*Respondent-Appellant*

---

2025-2003

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-6515, Chief Judge Michael P. Allen, Judge Joseph L. Toth, and Judge Scott Laurer.

-------------------------------------------------

**COMMONWEALTH OF VIRGINIA, THE VETERANS OF FOREIGN WARS OF THE UNITED STATES, IRAQ AND AFGHANISTAN VETERANS OF AMERICA, JAMES R. RUDISILL, KASSIDY A. PERKINS, PAUL H. YOON, ELIZABETH F. YOON, TOBY DORAN, KENNETH BRATLAND, MCKENNA BRATLAND,**
*Petitioners*

v.

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent*

2025-2033

Petition for review pursuant to 38 U.S.C. Section 502.

**ON MOTION**

Before DYK, LINN, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

# ORDER

In Appeal No. 2025-2003, Kassidy A. Perkins moves to dismiss the Secretary of Veterans Affairs's appeal from a precedential decision of the U.S. Court of Appeals for Veterans Claims holding that she is eligible for educational benefits based on her single period of service. The Secretary opposes. In Appeal No. 2025-2033, Ms. Perkins and the other petitioners move for a stay of certain provisions of the Veterans Affairs Adjudication Procedures Manual pending resolution of their petition challenging those provisions under 38 U.S.C. § 502.[1] The Secretary of Veterans

---

[1] The American Council on Education, American Association of Collegiate Registrars and Admissions Officers, American Association of Community Colleges, American Association of State Colleges and Universities, American Association of University Professors, Association of American Universities, Association of Community College Trustees, Association of Governing Boards of Universities and Colleges, Association of Jesuit Colleges and Universities,

Affairs opposes, stating that "the precedential effect of the Veterans Court's ruling [in *Perkins*] applies to other cases," even while his appeal from that decision remains pending, and that he "is in the process of revising the [relevant challenged] manual provisions to reflect th[at] decision" no later than "January 31, 2026." Appeal No. 2025-2033, ECF No. 21 at 9, 14. The Secretary also moves to dismiss the petition based on lack of jurisdiction, which petitioners oppose.[2]

Rule 18 of the Federal Rules of Appellate Procedure authorizes this court to stay agency action pending appeal. Our determination is governed by four factors: (1) whether the movant has made a strong showing of a likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Ohio v. Env't Prot. Agency*, 603 U.S. 279, 291 (2024) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Based on the papers submitted, and without prejudicing the ultimate disposition of the case by a merits panel, we conclude that petitioners have not shown entitlement to a stay.

---

Association of Public and Land-Grant Universities, Council for Opportunity in Education, Council of Graduate Schools, Middle States Commission on Higher Education, NASPA – Student Affairs Administrators in Higher Education, National Association for College Admissions Counseling, National Association of College and University Business Officers, National Association of Independent Colleges and Universities, and State Higher Education Executive Officers Association file a brief amicus curiae in support of the motion for a stay.

[2] We accept the Secretary's corrected reply in support of his corrected motion to dismiss.

On the remaining issues: the court denies Ms. Perkins's motion to dismiss and deems it the better course to deny the Secretary's motion to dismiss in favor of having the parties include their arguments in their briefs.

Accordingly,

IT IS ORDERED THAT:

(1) Ms. Perkins's motion to dismiss is denied. The opening brief in Appeal No. 2025-2003 is due no later than 30 days from the date of entry of this order.

(2) The motion for a stay pending appeal is denied. The Secretary's motion to dismiss is denied without prejudice to the parties raising their arguments in their briefs. The certified list is due no later than 30 days from the date of entry of this order; no further extensions for the certified list should be anticipated.

(3) The Clerk of Court shall transmit a copy of this order to the merits panel assigned to these cases.

FOR THE COURT

October 20, 2025
Date

Frances M. McNulty
Chief Deputy Clerk of Court